## Case No. 15,642.

### UNITED STATES v. LUNT.

[18 Law Rep. 683.]

District Court, D. Massachusetts.   Dec., 1855.

CRIMINAL LAW—FORCING ON SHORE AND LEAVING BEHIND SEAMEN.

1. Masters must act on their own responsibility in leaving men in foreign ports, on account of misconduct. It is proper for a master to take the advice of the consul. as of any other judicious person, but his opinion is only advice.

[Cited in Coffin v. Weld, Case No. 2,953.]

2. To justify leaving men in a foreign port, there must be an urgent physical or moral necessity, i. e. such an exigency as would control the judgment of men of reasonable firmness for shipmasters. And a greater exigency would be required to justify leaving men at some ports than at others.

3. On a criminal prosecution for such an offence, the defendant is not guilty if he acted under an honest mistake of judgment, and not from malice. i. e. from the intentional violation of known duty.

This was an indictment against the master of the ship Humboldt [Alfred M. Lunt], for forcing on shore and leaving behind, at Manilla, three of his crew. Two previous trials, one of Captain Lunt for shooting at his crew, and the other of the rest of the crew for mutiny, had resulted in the acquittal of Captain Lunt, and the conviction of the men. [See Case No 15,643.] Captaint Lunt offered in his defence, the certificate of the American consul at Manilla that the men were detained by him to be sent home in another vessel for trial on a charge of mutiny. This was objected to, and ruled out as incompetent. There was then no direct proof that the removal and detention of the men was by the advice or sanction of the consul, as none of the officers or crew were on shore, and the consul did not come on board. The only evidence was, that the master put the men in irons, took them ashore with him in a public guard boat. with soldiers, and that the men did not return 'n the ship.

B. F. Hallett, U. S. Dist. Atty.

R. H. Dana, Jr., for defendant.

SPRAGUE, District Judge, instructed the jury that there is no statute of the United States authorizing a consul to take seamen from a vessel for criminal conduct, and send them home in another vessel for trial. It is customary for consuls to do so, it is said, under instructions from the department of state, but they have no jurisdiction, and their certificates are not evidence. The master must act on his own responsibility in leaving men in foreign ports on account of misconduct. It is proper for the master to take the advice of the consul, as of any other judicious person, but his opinion is only advice, and the responsibility rests with the master. In this case there is no direct evidence connecting the consul with the transaction in any manner. The question is (1) was the master justified? and (2), if not justified, did he act of malice? First, as to the justification. The maritime policy of the country, as well as the contract of the men, make it the duty of the master to bring home every seaman he takes out with him. If he leaves any man abroad, except for certain causes, he is liable to the man in a civil action, and is liable on his bond at the custom house. If, in addition to this, he leaves a man maliciously, he is liable to a criminal indictment. The justification set up here is, that it was dangerous to bring these men home in the vessel. They were the leaders in the mutiny. To justify the leaving them in a foreign port, there must be a necessity. This is not necessarily a physical necessity, but may be a moral necessity. By a moral necessity, in this connection, is meant such an exigency as would control the judgment of men of reasonable firmness for shipmasters. A greater exigency would be required to justify the leaving a man in a distant port, where there was no consul and no American residents, or where the government is not recognized as an enlightened nation, than in a port of easy communication, where there is a consul, and where the government is on friendly and full terms of diplomatic intercourse with our own. But the law is very jealous of this leaving of American seamen in foreign ports, especially if they are confined in jail there so that they are placed under the control of persons not amenable to our laws. Only a stringent necessity will justify it.

If the jury shall think Captain Lunt justified, he is to be acquitted. If they think the evidence does not establish a justification, the question then is, whether he acted of malice. The meaning of malice is, the intentional violation of known duty. If he acted under an honest mistake of judgment, especially after taking advice of proper persons, he is not guilty criminally. If he acted in known violation, or in wilful indifference, or in disregard of duty, he is guilty.

After being out seven hours, the jury reported that they had agreed on a verdict of not guilty as to the leaving of one of the men, and disagreed as to the other two, and were discharged.